# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON E. CONNEL and BARBARA CONNEL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-18-504-G<br>) |
| FENNWAY, INC., PATRICK BURRELL and GREAT WEST CASUALTY INSURANCE, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the [C]ourt . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Because Plaintiffs Don E. Connel and Barbara Connel (collectively, the "Connels") have not served Defendant Patrick Burrell within the time allowed, or the extended time authorized by the Court, the claims against Defendant Burrell are hereby dismissed.

This matter was removed on May 22, 2018. *See* Doc. No. 1. Because Defendant Burrell was not served prior to removal, the Connels had 90 days from the date of removal to serve him. *E.g.*, *Wallace v. Microsoft Corp.*, 596 F.3d 703 (10th Cir. 2010); Fed. R. Civ. P. 4(m).

The 90-day service period expired without the Connels filing a proof of service as

to Defendant Burrell. Therefore, on August 30, 2018, the Court directed the Connels to show cause why this matter should not be dismissed without prejudice for lack of prosecution so the matter could proceed against defendants Fennway, Inc., and Great West Casualty Company (named in the state court petition as Great West Casualty Insurance). *See* Doc. No. 8. The Connels responded to that Order by moving for additional time to serve Burrell. *See* Doc. No. 9. According to the Connels, their counsel had misdocketed the service date deadline. *See id*. They further contended that "Burrell is an over-the-road truck driver[, who] . . . is apparently rarely at his residence to accept personal service of summons[,]" *id*. at 2, and who also "has not signed for or rejected receipt of certified mail sent by . . . [counsel] . . . ." *Id*.

Based on the record, the Court found that it need not determine whether the Connels had shown good cause for the failure to serve Defendant Burrell such that the Connels would be entitled to a mandatory extension of time. *See id*. (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). Rather, the Court concluded that a permissive extension was warranted. *See id*. Accordingly, on September 5, 2018, the Court directed the Connels to serve Burrell *and* file proof of service on or before October 5, 2018. *See id*. The Court further advised the Connels that their failure to do so would result in dismissal without prejudice of their claims against Burrell. *See id*.

As the record establishes, the Connels have neither filed proof of service on Defendant Burrell as directed, sought additional time to obtain service on this defendant, nor shown good cause for their failure to act. Because they have not complied with Federal Rule of Civil Procedure 4(m) or this Court's orders, despite being warned of the

consequences of their failure to do so, the Court DISMISSES without prejudice the Connels' claims against Patrick Burrell.

IT IS SO ORDERED this 11th day of October, 2018.

_____
CHARLES B. GOODWIN
United States District Judge